Jose G. Santiago, Esq.
ACKERMAN, LEVINE, CULLEN,
BRICKMAN & LIMMER, LLP
1010 Northern Blvd., Suite 400
Great Neck, New York 11021
(516) 829-6900

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO
503 Route 111
Hauppauge, NY 11788
(631) 257-5588

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BREANNA MORELLO and DAVID TERRY, on
behalf of themselves and as class representatives of
all those similarly situated,

              Plaintiff(s),

      -against-

MILLER'S ALE HOUSE, INC. d/b/a MILLER'S
ALE HOUSE,

              Defendant(s).
-------------------------------------------------------------X

**Case No.: 16-CV-**

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiffs BREANNA MORELLO and DAVID TERRY, on behalf of themselves and all others similarly situated, by and through their attorneys ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP and THE LAW OFFICE OF PETER A. ROMERO, hereby file this class and collective action complaint against Defendants MILLER'S ALE HOUSE, INC. d/b/a MILLER'S ALE HOUSE (hereinafter referred to as "MILLER'S") and allege as follows:

1

499086.1

## INTRODUCTION

1. Defendant Miller's Ale House, Inc. is engaged in the restaurant business and operates at least six chain restaurants doing business as Millers Ale House in Suffolk, Nassau, Queens and Richmond Counties.

2. The Plaintiffs were hourly paid employees of Defendants who performed non-exempt duties in Defendants' restaurants.

3. Defendants failed to pay Plaintiffs at the statutory minimum wage. Specifically, Defendants improperly claimed a tip credit towards their obligation to pay the statutory minimum wage rate to their non-exempt tipped employees in that Defendants required such employees to perform non-tipped tasks for more than twenty percent of their work day, failed to give employees notice of the tip credit claimed, and failed to accurately track and record the amount of tips their employees actually received. As a result, Defendants paid their non-exempt tipped employees less than the minimum wage in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

4. Defendants also failed to pay the "spread-of-hours" premium to Plaintiffs and Class Members when their spread of hours exceeded ten hours in violation of NYLL.

5. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs bring this civil action to recover from Defendant: (1) unpaid minimum wage; (2) liquidated damages; and (3) attorneys' fees and costs, on behalf of themselves and all similarly situated persons who worked for Defendant in the State of New York and who elect to opt into this action.

6. Plaintiffs also bring this civil action pursuant to the laws of the State of New York to recover from Defendant: (1) unpaid minimum wage; (2) unpaid spread-of-hours pay; (3) liquidated damages; (4) statutory penalties; and (4) attorneys' fees and costs on behalf of

499086.1

themselves and all other similarly situated current and former employees of Defendant, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "F.R.C.P. Rule 23").

## JURISDICTION & VENUE

7. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

9. Defendant MILLER'S is a foreign corporation, authorized to do business in the State of New York, and incorporated under the laws of the State of Delaware, with its principal office located at 5750 Major Blvd., Suite 400, Orlando, Florida 32819.

10. Defendant MILLER'S does business in the State of New York, within the Eastern District of New York, maintaining several places business, including (1) 88 Veterans Highway, Commack, New York 11725 (hereinafter "Miller's Commack"); (2) 1800 The Arches Circle, Deer Park, New York 11729 (hereinafter "Miller's Deer Park"); (3) 3046 Hempstead Turnpike, Levittown, New York 11757 (hereinafter "Miller's Levittown"); (4) 4000 Middle Country Road, Lake Grove, New York 11755 (hereinafter "Miller's Lake Grove"); (5) 61-35 Junction Blvd., Rego Park, New York 11374 (hereinafter "Miller's Rego Park"); and (6) 2883 Richmond Avenue, Staten Island, New York 10312 (hereinafter "Miller's Staten Island").

11. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

499086.1

## THE PARTIES

12. Plaintiff BREANNA MORELLO is a resident of the County of Suffolk, State of New York.

13. At all times relevant to the Complaint, Plaintiff BREANNA MORELLO was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

14. That Plaintiff BREANNA MORELLO was employed by Defendant's Miller's Commack location from in or around March 2014 until in or around January 2016.

15. That during the course of her employment with Defendant, Plaintiff BREANNA MORELO worked as a waitress/server.

16. Plaintiff DAVID TERRY is a resident of the County of Suffolk, State of New York.

17. At all times relevant to the Complaint, Plaintiff DAVID TERRY was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

18. That Plaintiff DAVID TERRY was employed by Defendant's Miller's Commack location from in or around March 2014 until in or around October 2015.

19. That during the course of his employment with Defendant, Plaintiff DAVID TERRY worked as a waiter/server.

20. Upon information and belief, Defendant MILLER'S was and still is engaged in the business of operating restaurants/bars at various locations throughout the United States and the State of New York under the enterprise name of "MILLER'S ALE HOUSE."

21. At all times hereinafter mentioned, Defendant MILLER'S was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

22. Defendant operates restaurants/bars using the common trade name "Miller's Ale House."

23. All of the Miller's Ale House locations have common ownership and are controlled by MILLER'S. MILLER'S has control over all employment policies and personnel decisions.

24. Each of the aforementioned MILLER'S locations is advertised jointly in Defendant's website located at http://www.millersalehouse.com/index. Employees were freely interchangeable, all employees were paid by the same payroll methods and checks were paid by the same entity.

25. At all relevant times, each of the MILLER'S locations was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

26. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

27. At all times hereinafter mentioned, Defendant employed employees, including the Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

28. Upon information and belief, at all times hereinafter mentioned, Defendant MILLER'S annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings FLSA claims on behalf of themselves and all similarly situated non-exempt waiters/servers employed by Defendant in the State of New York (hereinafter referred to as the "FLSA Collective").

5

499086.1

30. Upon information and belief, there are many current and former employees that are similarly situated to the Plaintiffs who have been denied minimum wage. The Plaintiffs represent other non-exempt waiters/servers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

31. Plaintiffs BREANNA MORELLO and DAVID TERRY seek to proceed as a collective action with regard to the First Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All persons who are currently, or have been employed by the Defendants as waiters/servers in the State of New York, at any time during the three (3) years prior to the filing of their respective consent forms.

32. Former and current employees similarly situated to Plaintiffs are readily identifiable and locatable through use of Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to the Plaintiffs who have been unlawfully deprived of minimum wage, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which have been unlawfully withheld from them by Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

33. Plaintiffs bring New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all waiters/servers who are currently, or have been, employed by the Defendant in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

34. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

35. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) waiters/servers who are currently, or have been, employed by the Defendants at any time during the six (6) years prior to the filing of this Complaint.

36. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a)   whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

    (b)   whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(c) whether Defendant failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(d) whether Defendant failed to pay members of the Class less than the minimum wage for regular non-tipped work;

(e) whether Defendant required members of the Class to perform regular non-tipped work for more than twenty (20) percent of their work day;

(f) whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding payment of wages and spread-of-hours pay complied with law;

(g) whether Defendant failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(h) whether Defendants failed and/or refused to pay the Plaintiff and Class for all hours worked in a timely manner as required by New York Labor Law § 190 *et seq.*;

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and,

(j) whether Defendant's general practice of failing and/or refusing to pay the Plaintiff and Class minimum wage and remit timely payment was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

499086.1

38. Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Plaintiff and the Class work or have worked for Defendants. Defendants failed to pay minimum wage, failed to pay overtime wages, and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

39. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

40. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

41. Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

43. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

44. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

45. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTS

46. In or around March 2014, Plaintiff BREANNA MORELLO was hired by Defendant to work as a waitress/server for Miller's Commack. Plaintiff MORELLO resigned in January 2016.

47. Throughout her employment with Defendant, Plaintiff MORELLO worked various lunch and dinner shifts each week. The lunch shift was scheduled generally from 12:00 p.m. to 4:30 p.m. The dinner shift was scheduled generally from 4:30 p.m. to 10:00 p.m.

499086.1

48. When Plaintiff MORELLO worked the lunch shift, Defendant required her to complete non-tipped "side work" at the beginning her shift. This "side work" took at least one and a half hours to complete. The non-tipped "side work" included, but was not limited to, making dressings, cleaning and setting tables, dusting ceiling fans, preparing food, preparing and cleaning soda machines.

49. When Plaintiff MORELLO worked the dinner shift, Defendant required her to complete non-tipped "side work" at the end of her shift. This side work took at least one and a half hours to complete. The non-tipped "side work" included, but was not limited to, making dressings, cleaning and setting tables, dusting ceiling fans, preparing food, preparing and cleaning soda machines and taking out trash.

50. Defendants claimed a tip credit toward its obligation to pay the statutory minimum wage and paid Plaintiff MORELLO at the hourly rate of $5.00 for all hours worked by her.

51. In or around March 2014, Plaintiff DAVID TERRY was hired by Defendant to work as a waiter/server for Miller's Commack. Plaintiff TERRY resigned in or around October 2015.

52. Throughout his employment with Defendant, Plaintiff TERRY worked various lunch and dinner shifts each week. The lunch shift was scheduled generally from 12:00 p.m. to 4:30 p.m. The dinner shift was scheduled generally from 4:30 p.m. to 10:00 p.m.

53. When Plaintiff TERRY worked the lunch shift, Defendant required him to complete non-tipped "side work" at the beginning his shift. This "side work" took at least one and a half hours to complete. The non-tipped "side work" included, but was not limited to, making dressings, cleaning and setting tables, dusting ceiling fans, preparing food, preparing and cleaning soda machines.

54. When Plaintiff MORELLO worked the dinner shift, Defendant required her to complete non-tipped "side work" at the end of her shift. This side work took at least one and a half hours to complete. The non-tipped "side work" included, but was not limited to, making dressings, cleaning and setting tables, dusting ceiling fans, preparing food, preparing and cleaning soda machines and taking out trash.

55. Defendants claimed a tip credit toward its obligation to pay the statutory minimum wage and paid Plaintiff TERRY at the hourly rate of $5.00 for all hours worked by him.

56. At all relevant times, Defendant paid Plaintiffs MORELLO and TERRY, FLSA Collective Plaintiffs and tipped class members at hourly rates below the standard minimum wage.

57. Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in duration. Defendants failed to pay the "spread of hours" premium to Plaintiffs and Class Members when their spread of hours exceeded ten as required by New York Labor Law.

58. Plaintiffs, FLSA Collective Plaintiffs and tipped Class members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation. Plaintiffs did not receive any notices as to the amount of tip credit allowance taken for each payment period during their employment.

59. Plaintiffs, FLSA Collective Plaintiffs and tipped Class members were required to engage 20% or more of their working time in non-tipped related activities such as making dressings, cleaning and setting tables, dusting ceiling fans, preparing food, preparing and cleaning soda machines and other non-tippled related activities. Such activities were unrelated to their primary duties.

60. Defendants unlawfully failed to pay the Plaintiffs, FLSA Collective Plaintiffs and members of the Class the Federal and State minimum wage for all hours worked.

61. Defendant failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and Class members, and also failed to keep proper employment records required under the FLSA and NYLL.

62. Defendants paid Plaintiffs, the FLSA Collective Plaintiffs and the tipped Class members less than the statutorily required minimum wage.  Defendants improperly claimed a tip credit toward the minimum wage in that Defendants (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL; (ii) failed to properly provide notice to all tipped employees that Defendant was taking a tip credit, in violation of the FLSA and NYLL; (iii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of NYLL; (iv) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL; and (v) failed to track the amount of tips received daily in violation of NYLL.

63. At no time during the relevant time periods did Defendant provide Plaintiffs or Class members with the wage notices or wage statements as required by NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS BREANNA MORELLO, DAVID TERRY AND THE FLSA COLLECTIVE CLASS, FOR FAILURE TO PAY MIMIMUM WAGE, A FLSA VIOLATION

64. Plaintiffs, on behalf of themselves and the FLSA Collective class, repeat and reallege each and every allegation contained herein.

65. Defendant employed Plaintiffs and willfully failed to compensate the Plaintiffs the minimum wage for all hours worked, in violation of the FLSA.

66. The complete records concerning the number of hours worked by the Plaintiffs as well as the compensation Plaintiffs received are in the exclusive possession and control of the Defendants, and as such, the Plaintiffs are unable to state at this time the exact amount due and owing to them.

67. As a consequence of the willful underpayment of wages, alleged above, the Plaintiffs have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid minimum wage compensation, together with interest and liquidated damages, in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS BREANNA MORELLO, DAVID TERRY
### AND THE F.R.C.P. RULE 23 CLASS,
### FOR FAILURE TO PAY MINIMUM WAGE,
### A NYLL VIOLATION

68. Plaintiffs, on behalf of themselves and other Class Members, repeat and reallege each and every allegation contained herein.

69. Defendant employed Plaintiffs and willfully failed to compensate the Plaintiffs the minimum wage for all hours worked in violation of the NYLL.

70. The complete records concerning the number of hours worked by the Plaintiffs as well as the compensation Plaintiffs received are in the exclusive possession and control of the Defendants, and as such, the Plaintiffs are unable to state at this time the exact amount due and owing to them.

71. Defendant had a policy and practice of refusing to pay the minimum wage to its employees, which included Plaintiffs.

72. Defendant's failure to pay the minimum wage to the Plaintiffs was willful within the meaning of NYLL.

73. As a consequence of the willful underpayment of wages, alleged above, the Plaintiffs have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid compensation and such other legal and equitable relief due to the Defendant's unlawful and willful conduct, as the Court deems just and proper.

74. Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the Defendant as provided by the NYLL.

**AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF PLAINTIFFS BREANNA MORELLO, DAVID TERY
AND THE FLSA COLLECTIVE CLASS,
FOR FAILURE TO PAY MINIMUM WAGE,
A FLSA VIOLATION**

75. Plaintiff, on behalf of herself and the FLSA Collective class, repeats and realleges each and every allegation contained herein.

76. At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

77. At all relevant times herein, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

78. At all relevant times, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

79. At all relevant times, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

80. Defendants willfully failed to pay Plaintiff the minimum wage for all time spent driving between the homes of different patients visited in the same day, in violation of the FLSA, 29 U.S.C. § 206(a) and 29 C.F.R. 785.38.

81. As a consequence of the willful underpayment of wages, alleged above, the Plaintiffs and Class members have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid minimum wage compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS BREANNA MORELLO, DAVID TERRY
AND THE F.R.C.P. RULE 23 CLASS,
FOR VIOLATION OF NOTICE AND
RECORD KEEPING REQUIREMENTS,
A NYLL VIOLATION**

82. Plaintiffs, on behalf of themselves and other Class Members, repeat and reallege each and every allegation contained herein.

83. Defendant failed to supply Plaintiffs with a notice as required by NYLL, Article 6, § 195, in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84. Defendant failed to supply Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates,

16

if applicable; the number of hours worked, including overtime hours worked, if applicable; deductions; and net wages.

85. Due to Defendant's violations of NYLL § 195, Plaintiffs are entitled to damages of fifty dollars each for each workweek that Defendant failed to provide Plaintiffs with a wage notice, or a total of twenty-five hundred dollars each, and damages of one hundred dollars each for each workweek that Defendant failed to provide each Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars, as provided by NYLL, Article 6, § 198, reasonable attorneys' fees, costs and injunctive and declaratory relief.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS BREANNA MORELLO, DAVID TERRY AND THE F.R.C.P. RULE 23 CLASS,
### FOR FAILURE TO PAY "SPREAD OF HOURS",
### A NYLL VIOLATION

86. Plaintiffs, on behalf of themselves and other Class Members, repeat and reallege each and every allegation contained herein.

87. Plaintiffs and Class members regularly worked shifts that spread over ten or more hours in a single day.

88. Defendant failed to pay said Plaintiffs and Class members a "spread of hours" premium as required by NYLL.

89. As a consequence of the willful underpayment of wages, alleged above, the Plaintiffs and Class members have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid minimum wage compensation, together with interest and liquidated damages, in an amount to be determined at trial.

499086.1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BREANNA MORELLO and DAVID TERRY, on behalf of themselves, the Class Members, and the FLSA Collective, respectfully request that this Court enter a judgment:

(a) declaring Defendants violated the aforementioned statutes;

(b) declaring that Defendants' violations of the FLSA and NYLL were willful;

(c) certification of this action as a collective action brought pursuant to the FLSA, 29 USC § 216(b);

(d) designation of Plaintiffs as representatives of the FLSA Collective;

(e) authorizing the issuance of notice at the earliest possible time to all servers and waiters who were employed by Defendant in New York during the six (6) years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

(f) designation of this action as a class action pursuant to F.R.C.P. Rule 23;

(g) designation of Plaintiffs as representatives of the Class;

(h) awarding Plaintiffs liquidated damages as a result of Defendant's failure to furnish a notice at the time of hiring pursuant to the NYLL;

(i) awarding Plaintiffs, Class Members, and the FLSA Collective damages for unpaid minimum wages and spread of hours pay;

(j) awarding Plaintiffs, Class Members, and the FLSA Collective liquidated damages in an amount equal to twice the total amount of wages found to be due, pursuant to the FLSA and NYLL;

(k) awarding pre-judgment and post-judgment interest under the FLSA and the NYLL;

(l) awarding reasonable attorneys' fees and costs pursuant to the FLSA and NYLL; and

(m) awarding such other and further relief as the Court deems just and proper.

Dated: May 27, 2016

                                        **ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP**

/s
By: _____
Jose G. Santiago, Esq.
1010 Northern Blvd., Suite 400
Great Neck, New York 11021
(516) 829-6900
jsantiago@ackermanlevine.com

**LAW OFFICE OF PETER A. ROMERO**

/s
_____
By:   Peter A. Romero, Esq.
503 Route 111
Hauppauge, NY 11788
(631) 257-5588
peteraromero@gmail.com

*Attorneys for Plaintiffs*

499086.1